UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE,<br><br>   Plaintiff,<br><br>   v.<br><br>KING CLARK, *et al.*,<br><br>   Defendants. | Case No.: 1:20-cv-00534-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S REQUEST FOR INJUNCTION<br><br>[ECF No. 12]<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE A COPY OF PLAINTIFF'S MOTION ON WARDEN AT CALIFORNIA STATE PRISON-CORCORAN |

Plaintiff Joshua Jason Dalke is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's request for an injunction, filed on June 18, 2020.

**I.**

**DISCUSSION**

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

A federal court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The Court may not attempt to determine the rights of persons not before it. See Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983).

Moreover, Plaintiff must do more than allege imminent harm; he must also demonstrate immediate threatened injury. Caribbean Marine Serv. v. Baldridge, 844 F.2d 668, 674 (9th Cir.1988). In other words, a plaintiff must show a real or immediate threat; a likelihood of substantial and immediate irreparable injury. Gomez v. Vernon, 255 F.3d 1118, 1129 (9th Cir.2001) (quotation and citation omitted). "Speculative injury does not constitute irreparable injury sufficient to warrant

1  granting a preliminary injunction." Carribean Marine Serv., 844 F.3d at 674 (quoting Goldie's
2  Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir.1984)).

3  Plaintiff seeks a preliminary injunction to prevent his transfer to California Correctional
4  Institution (CCI) in Tehachapi where gang members are housed that pose a threat to Plaintiff.  It
5  appears that Plaintiff also seeks an order directing prison officials to allow him access to the law
6  library.

7  First, it is well settled that prisoners have no constitutional right to placement in any particular
8  prison, to any particular security classification, or to any particular housing assignment. See Olim v.
9  Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Montayne v.
10 Haymes, 427 U.S. 236, 242 (1976).  Second, the pendency of this action and the fact that Plaintiff has
11 stated a cognizable claim to proceed does not provide a jurisdictional basis for the Court to issue an
12 order to non-party officials regarding Plaintiff's place of incarceration and safety concerns.  Third, the
13 Court cannot, at this juncture, determine whether Plaintiff is likely to succeed on the merits.  Fourth,
14 Plaintiff fails to identify any specific threats to his safety and instead states only that  a "kite" was sent
15 stating that the gang members have to stab Plaintiff.  However, Plaintiff has not alleged a real and
16 immediate threatened injury or irreparable injury; he has only alleged speculative injury based on a
17 claim that at some unspecified time in the future, he will be transferred to CCI.  Fifth, even if Plaintiff
18 were transferred, there is no indication that his safety needs would go unguarded or that he would be
19 recklessly placed in an area that posed a risk to his safety.  Because Plaintiff  has not made sufficient
20 allegations in support of his request for preliminary injunction, the Court will recommend his motion
21 be denied, without prejudice.  Nonetheless, given the seriousness of the allegations in Plaintiff's
22 motion and Plaintiff's contention that he is contemplating suicide, the Court will serve a copy of
23 Plaintiff's motion on the Warden at California State Prison-Corcoran where Plaintiff is currently
24 housed.

25 To the extent Plaintiff seeks an order directing prison officials to allow him access to the law
26 library, it should be denied.  Inmates have a fundamental constitutional right of access to the courts.
27 Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011);
28 Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief,

Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

A prisoner cannot submit conclusory declarations of injury by claiming his access to the courts has been impeded. Thus, it is not enough for an inmate to show some sort of denial of access without further elaboration. Plaintiff must demonstrate "actual injury" from the denial and/or delay of access. The Supreme Court has described the "actual injury" requirement:

> [T]he inmate … must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 351.

In this instance, Plaintiff has failed to allege or demonstrate "actual injury" by the failure of access to law library. Indeed, on May 13, 2020, Plaintiff filed a first amended complaint consisting of thirty-three pages. (ECF No. 10.) Thus, Plaintiff has failed to demonstrate that in the absence of preliminary injunctive relief he is likely to suffer actual injury in prosecuting his case. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldies Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). Accordingly, Plaintiff's request for injunctive relief should be denied.

## II.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall serve a copy of Plaintiff's motion filed on June 18, 2020 (ECF No. 12) on Warden Ken Clark at California State Prison-Corcoran, P.O. Box 8800, Corcoran, CA 93212-8309.

Further, it is HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief, filed on June 18, 2020 be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 19, 2020**

UNITED STATES MAGISTRATE JUDGE