UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE,<br><br>  Plaintiff,<br><br>  v.<br><br>KING CLARK, *et al.*,<br><br>  Defendants. | Case No.: 1:20-cv-00534-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S SECOND REQUEST FOR INJUNCTION<br><br>[ECF No. 14] |

Plaintiff Joshua Jason Dalke is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second request for an injunction, filed on June 29, 2020.

**I.**

**DISCUSSION**

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely

1

to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102 (1983); <u>Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Id.</u> Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

A federal court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The Court may not attempt to determine the rights of persons not before it. See <u>Hitchman Coal & Coke Co. v. Mitchell</u>, 245 U.S. 229, 234-35 (1916); <u>Zepeda v. INS</u>, 753 F.2d 719, 727-28 (9th Cir. 1983).

Moreover, Plaintiff must do more than allege imminent harm; he must also demonstrate immediate threatened injury. <u>Caribbean Marine Serv. v. Baldridge</u>, 844 F.2d 668, 674 (9th Cir.1988). In other words, a plaintiff must show a real or immediate threat; a likelihood of substantial and immediate irreparable injury. <u>Gomez v. Vernon</u>, 255 F.3d 1118, 1129 (9th Cir.2001) (quotation and

2

citation omitted). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Carribean Marine Serv., 844 F.3d at 674 (quoting Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir.1984)).

Plaintiff seeks a preliminary injunction to order that he be transferred to a federal prison for the remainder of his criminal sentence.

First, it is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Montayne v. Haymes, 427 U.S. 236, 242 (1976).  A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985) (citing Meachum, 427 U.S. at 225) (intrastate prison transfer does not implicate Due Process Clause); Olim, 461 U.S. at 244-48 (interstate prison transfer does not implicate Due Process Clause)); see also Stewart v. McManus, 924 F.2d 138 (8th Cir.1991) (no due process rights implicated in transfer from state to federal prison).  Second, the pendency of this action and the fact that Plaintiff has stated a cognizable claim to proceed does not provide a jurisdictional basis for the Court to issue an order to non-party officials regarding Plaintiff's place of incarceration and safety concerns.  Third, the Court cannot, at this juncture, determine whether Plaintiff is likely to succeed on the merits.  Accordingly, because Plaintiff has not made sufficient allegations in support of his request for preliminary injunction, the Court will recommend his motion be denied, without prejudice.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief, filed on June 29, 2020 be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 1, 2020**

UNITED STATES MAGISTRATE JUDGE