UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KING CLARK, *et al.*,<br><br>　　　　Defendants. | Case No.: 1:20-cv-00534-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR ORDER OF COMPLIANCE AND MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>(ECF Nos. 33, 34) |

　　　Plaintiff Joshua Jason Dalke is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Currently before the Court is Plaintiff's motion for order of compliance by Defendants and motion for preliminary injunction, filed November 6, 2020.

**I.**

**DISCUSSION**

　　　The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

As a threshold matter, Plaintiff must demonstrate he has standing to seek preliminary injunctive relief. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998); accord Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). This requires Plaintiff to "show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.

The pendency of this action, which arises out of the alleged deliberate indifference to his personal safety, does not provide Plaintiff with standing to seek relief related to the processing of his

inmate appeals. Summers, 555 U.S. at 493; Lujan, 504 U.S. at 560-61; Mayfield, 599 F.3d at 969. Failure to exhaust the inmate appeals process is an affirmative defense and to the extent Plaintiff believes he was wrongfully prevented from exhausting the process, that issue becomes relevant to this case only if prison officials file a motion to dismiss or for summary judgment raising the defense. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (citing Jones v. Bock, 549 U.S. 199, 211 (2007)). At that juncture, Plaintiff's recourse will be to file an opposition to the defendants' motion setting forth his argument that he was wrongfully prevented from exhausting. Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015). Plaintiff cannot, however, obtain injunctive relief because he fails to meet the " 'irreducible constitutional minimum of standing' " with respect to the form of relief sought. Steel Co., 523 U.S. at 103-04 (quoting Lujan, 504 U.S. at 560-61).

## II.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff motion for order of compliance and motion for preliminary injunction be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 9, 2020**

UNITED STATES MAGISTRATE JUDGE

3