UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KING CLARK, *et al.*,<br><br>　　　　Defendants. | Case No.: 1:20-cv-00534-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY THE PROCEEDINGS, AND DENYING MOTINO FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF Nos. 42, 43) |

　　　Plaintiff Joshua Jason Dalke is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Currently before the Court is Plaintiff's motion to stay the proceedings and request for appointment of counsel, filed December 7, 2020. (ECF Nos. 42, 43.) Plaintiff's requests must be denied.

## I.

## DISCUSSION

**A.　　Motion for Appointment of Counsel**

　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern

1

District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff seeks appointment of counsel in order to obtain certain documents by way of discovery. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exception circumstances exist and here, they do not. ). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In addition, although a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.") Accordingly, Plaintiff's motion for the appointment of counsel is denied, without prejudice.

///

**B.     Motion to Stay Proceedings**

Plaintiff seeks to stay the proceedings "to continue my case at Covid and lack of transfer due to covid need a lawyer's assistance or paral[]egal on discovery and interrogatories for the next couple of steps are more important th[a]n the abuse I've suffered to get to this point."  (ECF No. 43 at 1.)

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden of establishing the need to stay the action. Clinton, 520 U.S. at 708.

Here, Plaintiff has not met his burden in establishing the necessity of a stay. Clinton, 520 U.S. at 708.  In contrast, Plaintiff merely requests a stay to allow time to conduct discovery.  However, discovery has not yet opened in this action as Defendants response is not yet due.  After an answer to the complaint is filed, the Court will open discovery for a period of eight months.  In addition, there are currently no pending deadlines for which Plaintiff must comply.  If Plaintiff requires additional time to meet a specific deadline in the future, he may file a motion setting forth good cause for the extension of that deadline.  Thus, there is no basis to warrant a stay of the proceedings, and Plaintiff's motion must be denied.

///
///
///
///
///
///
///
///
///

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to stay the proceedings is denied; and

2. Plaintiff's motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated: **December 8, 2020**

UNITED STATES MAGISTRATE JUDGE