UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE,<br><br>  Plaintiff,<br><br>v.<br><br>KING CLARK, *et al.*,<br><br>  Defendants. | Case No.: 1:20-cv-00534-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, WITHOUT PREJUDICE<br><br>(ECF No. 47) |

Plaintiff Joshua Jason Dalke is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 22, 2020, Plaintiff filed a motion for summary judgment. (ECF No. 47.) For the reasons explained below, Plaintiff's motion should be denied because it is premature.

"Although [Federal Rule of Civil Procedure 56] allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56, Advisory Committee's Notes (2010 Amendments, Note to Subdivision (b)). Indeed, many courts have denied pre-answer and pre-discovery motions for summary judgment as premature despite technical compliance with the timing provisions of Rule 56. See Williams v. Yuan Chen, No. S-10-1292 CKD P, 2011 WL 4354533, at * 3 (E.D. Cal. Sept. 16, 2011) (denying plaintiff's summary judgment motion as premature where defendant had not yet filed an answer and the court had not issued a discovery order); Moore v. Hubbard, No. CIV-S-06-2187 FCD EFB P, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009) (recommending that plaintiff's motion for summary judgment

be denied as premature where "discovery has not yet begun, defendants have not yet filed an answer and the court has yet to issue a discovery and scheduling order").

Here, although Plaintiff's motion for summary judgment technically meets the timing requirements of Federal Rule of Civil Procedure 56(b), Plaintiff's motion is premature. As it stands, the Court has not yet issued the discovery and scheduling order. Furthermore, Plaintiff's motion for summary judgment does not comply with Local Rule 260(a), which requires that "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." Compliance with Local Rule 260(a) is mandatory. Therefore, since Plaintiff failed to include a Statement of Undisputed Facts with his summary judgment motion, Plaintiff's summary judgment motion is procedurally defective.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for summary judgment, (ECF No. 47), be DENIED, without prejudice.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 5, 2021**

UNITED STATES MAGISTRATE JUDGE