UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE,<br><br>    Plaintiff,<br><br>    v.<br><br>KING CLARK, *et al.*,<br><br>    Defendants. | Case No.: 1:20-cv-00534-AWI-SAB (PC)<br><br>ORDER DISREGARDING PLAINTIFF'S THIRD AMENDED COMPLAINT, LODGED ON JANUARY 8, 2021<br><br>(ECF No. 56 |

    Plaintiff Joshua Jason Dalke is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

    On January 8, 2021, Plaintiff submitted a third amended complaint which was lodged by the Court because Plaintiff did not have permission.

    Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

    Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.' " AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a) ). However, courts "need not grant leave to amend where the amendment: (1) prejudices

1

the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

Because Plaintiff has previously amended the complaint, twice, leave of court is necessary to further amend the complaint.  Here, Plaintiff has not sought leave of court to amend the complaint, and the Court can decipher the purpose of his amendment.  See Lanier v. Fresno Unified School Dist., No. 1:09-cv-01779-AWI-BAM, 2013 WL 3892953, at *1 (E.D. Cal. July 26, 2013) ("[a] court cannot evaluate the propriety of a motion to amend a pleading when the moving papers do not describe the proposed amendments [in detail] or attach the proposed amended pleading."); see also Gardner v. Martino, 563 F.3d 981, 991 (9th Cir. 2009) (stating that district court did not abuse its discretion in denying request for leave to file an amended complaint where plaintiffs did not include a copy of the proposed amended complaint with their request to amend and the request failed to explain how the amendment would cure the deficiencies with the prior complaint).  Accordingly, Plaintiff's third amended complaint, lodged on January 8, 2021, is HEREBY DISREGARDED.

IT IS SO ORDERED.

Dated:   **January 26, 2021**

_____
UNITED STATES MAGISTRATE JUDGE