UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE,<br><br>    Plaintiff,<br><br>    v.<br><br>KING CLARK, *et al.*,<br><br>    Defendants. | Case No.: 1:20-cv-00534-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ACCESS TO WITNESS INFORMATION<br><br>(ECF No. 68) |

Plaintiff Joshua Jason Dalke is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for access to witness information, filed February 17, 2021.

California Code of Regulations title 15, § 3139 governs correspondence between inmates, parolees, and probationers. It provides in part:

> (a) Inmates shall obtain written authorization from the Warden/ Regional Parole Administrator or their designee/assigned probation officer, person in charge of the County Jail and/or other State Correctional Systems, at a level not less than Correctional Captain/Facility Captain or Parole Agent III, to correspond with any of the following:
>
> (1) Inmates under the jurisdiction of any county, state or federal, juvenile or adult correctional agency.
>
> (2) Persons committed to any county, state or federal program as a civil addict.

1

(3) Persons on parole or civil addict outpatient status under the jurisdiction of any county, state or federal, juvenile or adult correctional agency.

(4) Persons on probation.

Cal. Code of Regs. tit. 15, § 3139.

As an initial matter, Plaintiff fails to identify why he needs communication with certain inmate witnesses is necessary at this time, as the case is not set for trial and discovery just opened. In addition, Plaintiff has not indicated whether he has availed himself, or attempted to avail himself, of the process provided by the California Code of Regulations to obtain approval to correspond with his potential third-party inmate witness. See Cal. Code of Regs. tit. 15, § 3139(b) ("Inmates may initiate requests to correspond with the above by contacting their Correctional Counselor I (CCI).") However, even if Plaintiff has adequately pursued the prison administrative procedures for authorization to communicate with inmates at other prisons he has not shown this court that any such communications are necessary to prosecute this action. See Puckett v. Bailey, No. 1:10–cv–2145 LJO GBC (PC), 2012 WL 1196488, at *2 (E.D.Cal. Apr. 10, 2012) (denying plaintiff's motion to correspond with inmate witnesses because he failed to show the prospective witnesses had relevant knowledge); Tilei v. Wan, No. 1:06–cv–0776 OWW GSA, 2011 WL 121552, at *7 (E.D.Cal. Jan.13, 2011) (same). Moreover, Plaintiff is advised cautioned that this Court does not have jurisdiction in this action over anyone other than plaintiff and defendants. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Accordingly, Plaintiff's motion for a court order to access witness information is denied.

IT IS SO ORDERED.

Dated:   **February 18, 2021**                              
                                                              UNITED STATES MAGISTRATE JUDGE