UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KING CLARK, *et al.*,<br><br>　　　　Defendants. | Case No.: 1:20-cv-00534-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR CORRESPONDENCE WITH THIRD PARTY INMATE WITNESSES<br><br>(ECF No. 76) |

　　　　Plaintiff Joshua Jason Dalke is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's second motion for a court order to allow him to correspond with third party inmate witnesses, filed March 4, 2021.

　　　　California Code of Regulations title 15, § 3139 governs correspondence between inmates, parolees, and probationers. It provides in part:

　　(a) Inmates shall obtain written authorization from the Warden/ Regional Parole Administrator or their designee/assigned probation officer, person in charge of the County Jail and/or other State Correctional Systems, at a level not less than Correctional Captain/Facility Captain or Parole Agent III, to correspond with any of the following:

　　(1) Inmates under the jurisdiction of any county, state or federal, juvenile or adult correctional agency.

　　(2) Persons committed to any county, state or federal program as a civil addict.

1

    (3) Persons on parole or civil addict outpatient status under the jurisdiction of any county, state or federal, juvenile or adult correctional agency.

    (4) Persons on probation.

Cal. Code of Regs. tit. 15, § 3139.

    Plaintiff contends that he has taken steps by filing two inmate requests for interview in order to correspond with third party inmate witnesses.  First, as stated in the Court's February 18, 2021 order, Plaintiff fails to identify why he needs communication with certain inmate witnesses is necessary at this time, as the case is not set for trial and discovery just opened.  In addition, Plaintiff has not shown that he availed himself of the applicable process and was denied.  See Cal. Code of Regs. tit. 15, § 3139(b) ("Inmates may initiate requests to correspond with the above by contacting their Correctional Counselor I (CCI).")  However, even if Plaintiff has adequately pursued the prison administrative procedures for authorization to communicate with inmates at other prisons he has not shown this court that any such communications are necessary to prosecute this action.  See Puckett v. Bailey, No. 1:10–cv–2145 LJO GBC (PC), 2012 WL 1196488, at *2 (E.D. Cal. Apr. 10, 2012) (denying plaintiff's motion to correspond with inmate witnesses because he failed to show the prospective witnesses had relevant knowledge); Tilei v. Wan, No. 1:06–cv–0776 OWW GSA, 2011 WL 121552, at *7 (E.D. Cal. Jan.13, 2011) (same).  Moreover, Plaintiff is advised cautioned that this Court does not have jurisdiction in this action over anyone other than plaintiff and defendants. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Accordingly, Plaintiff's second motion for a court order to correspond with third party inmate witnesses.

IT IS SO ORDERED.

Dated:   **March 8, 2021**

                              UNITED STATES MAGISTRATE JUDGE