UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KING CLARK, *et al.*,<br><br>　　　　　Defendants. | Case No.: 1:20-cv-00534-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>(ECF No. 79) |

Plaintiff Joshua Jason Dalke is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a preliminary injunction, filed March 8, 2021, and entered on the docket on March 11, 2021.

**I.**

**DISCUSSION**

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

1 favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council,
2 Inc., 555 U.S. 7, 20 (2008).

3   "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be
4 granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v.
5 Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party
6 seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion
7 is unsupported by evidence.

8   Federal courts are courts of limited jurisdiction and in considering a request for preliminary
9 injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an
10 actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge
11 Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If
12 the Court does not have an actual case or controversy before it, it has no power to hear the matter in
13 question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the
14 Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn,
15 extends no further than necessary to correct the violation of the Federal right, and is the least intrusive
16 means necessary to correct the violation of the Federal right."

17   Moreover, Plaintiff must do more than allege imminent harm; he must also demonstrate
18 immediate threatened injury. Caribbean Marine Serv. v. Baldridge, 844 F.2d 668, 674 (9th Cir.1988).
19 In other words, a plaintiff must show a real or immediate threat; a likelihood of substantial and
20 immediate irreparable injury. Gomez v. Vernon, 255 F.3d 1118, 1129 (9th Cir.2001) (quotation and
21 citation omitted). "Speculative injury does not constitute irreparable injury sufficient to warrant
22 granting a preliminary injunction." Carribean Marine Serv., 844 F.3d at 674 (quoting Goldie's
23 Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir.1984)).

24   This action is proceeding against Defendants Cordona, Algatar, Vera, Fugate and Romos for
25 deliberate indifference to Plaintiff's safety. Although it is not entirely clear, it appears that Plaintiff is
26 seeking a preliminary injunction to prevent further harm to him. Plaintiff merely reiterates the factual
27 circumstances set forth in the operative complaint.
28 ///

First, Plaintiff fails to establish that he is likely to succeed on the merits. Second, Plaintiff fails to show that he is likely to suffer irreparable harm in the future. At most, Plaintiff shows that he has been involved in incidents in the past with certain inmates and Defendants.  However, there is no foundation for his argument that he will suffer irreparable harm in the future without a preliminary injunction.  Third, the balance or equities do not tip in Plaintiff's favor. His allegations of future harm are completely speculative and without foundation.  Fourth, the public will not be served by the grant of injunctive relief. It is in the public interest that the CDCR and its employees be granted proper deference in management of prisons. Granting injunctive relief would involve the Court in management of the institution and would not better serve the public.  Lastly, there is no basis to consolidate or advance this case as requested by Plaintiff.  Accordingly, Plaintiff's motion for a preliminary injunction should be denied.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 12, 2021**

UNITED STATES MAGISTRATE JUDGE