UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE,<br><br>    Plaintiff,<br><br>v.<br><br>KING CLARK, *et al.*,<br><br>    Defendants. | Case No.: 1:20-cv-00534-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO TAKE DEPOSITION OF DEFENDANTS<br><br>(ECF No. 88) |

    Plaintiff Joshua Jason Dalke is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Plaintiff's motion to take the deposition of Defendants, filed March 31, 2021.

    It is not entirely clear how Plaintiff wishes to take Defendants' depositions. To the extent, Plaintiff seeks to take the depositions by written questions such depositions must be taken pursuant to the procedures set forth under Federal Rule of Civil Procedure 31.

    The deposition upon written questions basically would work as follows: The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written

1

re-direct questions for the witness, and the defendant would have time to send to the prisoner written re-cross-examination questions for the witness[.]

Harrell v. Jail, 2015 WL 8539037, *1–2 (E.D. Cal. Dec. 11, 2015) (quoting Brady v. Fishback, 2008 WL 1925242, at *1–2 (E.D. Cal. Apr. 30, 2008)).  Plaintiff's *in forma pauperis* status also does not entitle him to a waiver of any of the costs associated with this form of deposition; instead, he must pay the necessary deposition officer fee, court reporter fee, and costs for a transcript. Id. (citations omitted).

Courts have found a failure to make these showings defeats a motion to take depositions. See Harrell, 2015 WL 8539037, at *2; Jackson v. Woodford, 2007 WL 2580566, at *1 (S.D. Cal. Aug. 17, 2007).  Federal Rule of Civil Procedure 31(a)(2)(A)(i) requires a party to obtain leave of court to take more than ten depositions by written question.  Plaintiff failed to obtain leave of court before serving his seventeen depositions by written questions.  In addition, Plaintiff must identify the officer taking the depositions and the date and time for the depositions. Plaintiff must also show that he can pay the costs associated with written depositions, including fees for a deposition officer and court reporter, the costs of transcribing the deposition, and witness fees and mileage under Rule 45(b)(1).  As stated above, Plaintiff's indigent status does not entitle him to a waiver of fees.

Accordingly, for the reasons discussed above, Plaintiff failed to make the required showing to conduct depositions by written questions and his motion is denied.

IT IS SO ORDERED.

Dated:   **April 5, 2021**

UNITED STATES MAGISTRATE JUDGE