UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE,<br><br>                Plaintiff,<br><br>        v.<br><br>KING CLARK, *et al.*,<br><br>                Defendants. | Case No.: 1:20-cv-00534-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT THE DEPOSITIONS OF DEFENDANTS<br><br>(ECF No. 92) |

      Plaintiff Joshua Jason Dalke is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

      Currently before the Court is Plaintiff's motion for leave to conduct the depositions of Defendants, filed April 15, 2021.

      Plaintiff is advised that permission is not required to depose Defendants in this matter. Therefore, Plaintiff's present motion to depose Defendants is not necessary. However, Plaintiff must follow the applicable rule and bear the costs for any depositions he seeks to take in this matter, as described above. His in forma pauperis status does not entitle him to free services from the court, such as scheduling, conducting, or recording the deposition, or to utilize defendants' resources for the deposition. See, e.g., Brooks v. Tate, No 1:11–cv–01503–AWI–DLB PC, 2013 WL 4049053, *1 (E.D. Cal. Aug. 7, 2013) (indigent prisoner not entitled to take the depositions of defendant and non-party witnesses during his own deposition).

Due to Plaintiff's incarceration status, the Court presumes that Plaintiff is attempting take Defendants' depositions by way of written question pursuant to Federal Rule of Civil Procedure 31. As Plaintiff was previously advised, the deposition upon written questions basically would work as follows: The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written re-cross-examination questions for the witness[.] Harrell v. Jail, 2015 WL 8539037, *1–2 (E.D. Cal. Dec. 11, 2015) (quoting Brady v. Fishback, 2008 WL 1925242, at *1–2 (E.D. Cal. Apr. 30, 2008)).  Plaintiff's *in forma pauperis* status also does not entitle him to a waiver of any of the costs associated with this form of deposition; instead, he must pay the necessary deposition officer fee, court reporter fee, and costs for a transcript. Id. (citations omitted).

Although Plaintiff submits a unidentified letter from a church friend who indicates the willingness to pay the necessary fees associated with conducting the depositions, Plaintiff has not designated a deposition officer or notified the deponents of the time, place and manner of deposition. Further, the letter attached to Plaintiff's motion does not demonstrate the ability to pay all of the costs associated with taking Defendants' depositions, including fees for a deposition officer and court reporter, the cost of transcribing the deposition, and witness fees and mileage under Rule 45(b)(1). Courts have found a failure to make these showings defeats a motion to take depositions. See Harrell, 2015 WL 8539037, at *2; Jackson v. Woodford, No. 05cv0513–L(NLS), 2007 WL 2580566, at *1 (S.D. Cal. Aug. 17, 2007). As one court has observed: "If plaintiff wants to depose [a witness] on written questions, plaintiff needs to set up such a deposition, arrange for a court reporter and arrange for the attendance of the witness. It is not defendant's obligation or the court's obligation to do so." Lopez v. Horel, No. C 06–4772 SI (pr), 2007 WL 2177460, at *2 (N.D. Cal. July 27, 2007), aff'd, 367 Fed.Appx. 810 (9th Cir. 2010). The Court further noted that a Rule 31 deposition "may sound like an

inexpensive way for a prisoner to do discovery but usually is not." Id. at *2, n.2.   Accordingly, Plaintiff's motion for leave to conduct Defendants' deposition is denied.

IT IS SO ORDERED.

Dated:   **April 19, 2021**

UNITED STATES MAGISTRATE JUDGE