UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE,<br><br>  Plaintiff,<br><br>  v.<br><br>KING, *et al.*,<br><br>  Defendants. | Case No.: 1:20-cv-00534-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>(ECF No. 95) |

Plaintiff Joshua Jason Dalke is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a preliminary injunction, filed on May 7, 2021.

**I.**

**DISCUSSION**

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

1

favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Moreover, Plaintiff must do more than allege imminent harm; he must also demonstrate immediate threatened injury. Caribbean Marine Serv. v. Baldridge, 844 F.2d 668, 674 (9th Cir.1988). In other words, a plaintiff must show a real or immediate threat; a likelihood of substantial and immediate irreparable injury. Gomez v. Vernon, 255 F.3d 1118, 1129 (9th Cir.2001) (quotation and citation omitted). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Carribean Marine Serv., 844 F.3d at 674 (quoting Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir.1984)).

This action is proceeding against Defendants Cordona, Algatar, Vera, Fugate and Romos for deliberate indifference to Plaintiff's safety. Although it is not entirely clear, it appears that Plaintiff is seeking a transfer state prison in New York prison. However, Plaintiff's specific request to be transferred to the state custody in New York is clearly beyond the scope of the case or controversy before this court. See Benyamini v. Manjuano, 2011 WL 4963108, at *1 (E.D. Cal. Oct.18, 2011)

("This Court lacks jurisdiction to issue an order requiring prison officials to transfer [plaintiff] based on retaliatory acts occurring after this action was filed, because the Court does not have such a case or controversy before it in this action."). Moreover, in Meachum v. Fano, 427 U.S. 215 (1976), the United States Supreme Court explicitly held that prisoners do not have a constitutional right to be housed at a particular prison within a state's prison system. See also Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) ("An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another."). Accordingly, Plaintiff's motion for a preliminary injunction should be denied.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 11, 2021**

UNITED STATES MAGISTRATE JUDGE