# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KING CLARK, *et al.*,<br><br>　　　　Defendants. | Case No.: 1:20-cv-00534-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF<br><br>(ECF No. 110) |

　　　　Plaintiff Joshua Jason Dalke is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's request for declaratory relief. It appears that Plaintiff seeks declaratory judgment pursuant to pursuant to Federal Rule of Civil Procedure 57, which "governs the procedures for obtaining a declaratory judgment under 28 U.S.C. § 2201." Fed. R. Civ. P. 57. Section 2201 provides for the "creation of a remedy" in actions for declaratory judgment involving cases "of actual controversy" within the court's jurisdiction. 28 U.S.C. § 2201(a). That provision instructs that, "upon the filing of an appropriate pleading, [the court] may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." Id. Rule 57 provides that "[t]he existence of another

1

adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action." Fed. R. Civ. P. 57.

Declaratory relief is discretionary in nature. Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir.1998) (en banc) (citation omitted) ("The Act gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so."). Rule 57 of the Federal Rules of Civil Procedure provides in relevant part that "[the existence of another adequate remedy does not preclude a judgment for declaratory relief *in cases where it is appropriate."* (Italics added). In exercising its discretion to decide whether to grant declaratory relief, the court must consider, among other factors, whether a declaratory judgment will serve a useful purpose. See Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

In this instance, Plaintiff contends that declaratory judgment is warranted because he has been falsely labeled as being convicted of rape. However, Plaintiff's request for a declaratory ruling or judgment is clearly premature as a motion for summary judgment for failure to exhaust the administrative remedies is pending. Further, to the extent Plaintiff seeks a dispositive rulings on either the facts or the law on issues purportedly raised by declaratory-relief-related issues, those issues have not yet been properly brought before the court or resolved by admission of the Defendants, stipulation of the parties, or a duly noticed motion filed in accordance with the yet to be issued scheduling order. There is simply no basis to grant Plaintiff's Rule 57 motion for declaratory judgment. Accordingly, Plaintiff's motion is denied.

IT IS SO ORDERED.

Dated: __**June 29, 2021**__

UNITED STATES MAGISTRATE JUDGE