# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE, | Case No.: 1:20-cv-00534-AWI-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED |
| v. | |
| KING CLARK, *et al.*, | (ECF No. 111) |
| Defendants. | |

Plaintiff Joshua Jason Dalke is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for summary judgment, filed on June 28, 2021. The Court deems Plaintiff's motion suitable for review without opposition by Defendant.

**I.**

**RELEVANT HISTORY**

This action is proceeding against Defendants Cardona, Alcantar, Vera, Fugate, and Ramos for deliberate indifference to Plaintiff's safety.

On January 4, 2021, Defendants Cardona, Vera, and Ramos filed an answer to the complaint.

On February 8, 2021, the Court issued the discovery and scheduling order.

On March 2, 2021, Defendants Alcantar and Fugate filed an answer to the complaint.

1

1 On May 10, 2021, Defendants filed a motion for summary judgment for failure to exhaust the administrative remedies.

**II.**

**DISCUSSION**

Plaintiff has not complied with the procedural requirements for filing a summary judgment motion. Local Rule 260(a) requires that "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." Here, Plaintiff has not submitted any legal argument in support of her motion, has not included a separate statement of undisputed facts, and merely recites the factual allegations set forth in his complaint. Compliance with Local Rule 260(a) is mandatory, and as a result of Plaintiff's failure to include a Statement of Undisputed Facts with his motion, it is procedurally defective and should be denied on that ground. See Engrahm v. Cty. of Colusa, No. 2:04-cv-01290-GEB-GGH, 2005 WL 3440025, at *1 (E.D. Cal. Dec. 14, 2005) (failure to comply with Local Rule 260 is an appropriate basis for denying a motion for summary judgment). Accordingly, Plaintiff's motion should be denied.

**III.**

**RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for summary judgment, filed on June 28, 2021, be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

///

///

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 29, 2021**

UNITED STATES MAGISTRATE JUDGE

Here, although Plaintiff's motion for summary judgment technically meets the timing requirements of Federal Rule of Civil Procedure 56(b), Plaintiff's motion must be denied.