UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE,<br><br>    Plaintiff,<br><br>    v.<br><br>KING CLARK, *et al.*,<br><br>    Defendants. | Case No.: 1:20-cv-00534-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S AUGUST 11, 2021 ORDER<br><br>(ECF No. 125) |

    Plaintiff Joshua Jason Dalke is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Plaintiff's motion for reconsideration of the Court's August 11, 2021 order denying his third request for appointment of counsel, filed August 23, 2021.

    The standard of review on a motion for reconsideration of a magistrate judge's ruling on a non-dispositive matter is "clearly erroneous or contrary to law." See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); E.D. Cal. L.R. 303(f). Under that standard, "[a] party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision." Martinez v. Lawless, No. 1:12-cv-01301-LJO-SKO (PC), 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015) (citing Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987)). Indeed, the court must accept the magistrate judge's decision unless it has a "definite and firm conviction that a mistake

1 has been committed." Concrete Pipe & Prods. of Cal., Inc. v. Const. Laborers Pension Trust for So.
2 Cal. (Concrete Pipe), 508 U.S. 602, 622 (1993); Husain v. Olympic Airways, 316 F.3d 829, 835 (9th
3 Cir. 2002). Hence, the standard is "significantly deferential." Concrete Pipe, 508 U.S. at 623.

4       The magistrate judge's decisions on dispositive issues are reviewed *de novo.* See Bhan v. NME
5 Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). "An order is contrary to law when it fails to
6 apply or misapplies relevant statutes, case law, or rules of procedure." Cochran v. Aguirre, No. 1:15-
7 cv-01092-AWI-SAB (PC), 2017 WL 2505230, at *1 (E.D. Cal. Jun. 9, 2017) (internal citation and
8 quotations omitted). However, the district court "may not simply substitute its judgment for that of the
9 deciding court." Grimes v. City & Cty. of S.F., 951 F.2d 236, 241 (9th Cir. 1991). Rather, "a
10 magistrate judge's decision is contrary to law only where it runs counter to controlling authority." Pall
11 Corp. v. Entegris, Inc., 655 F. Supp. 2d 169, 172 (E.D. N.Y. 2008). Consequently, "a magistrate
12 judge's order simply cannot be contrary to law when the law itself is unsettled." Id. (internal citation
13 and quotations omitted).

14       Further, where the motion for reconsideration pertains to an order granting or denying a prior
15 motion, Local Rule 230(j) requires the moving party to "[identify] what new or different facts or
16 circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or
17 what other grounds exist for the motion; and [explain] why the facts or circumstances were not shown
18 at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

19       Plaintiff seeks reconsideration of the magistrate judge's August 11, 2021 order denying
20 Plaintiff's third request for appointment of counsel. (ECF No. 125.) Plaintiff contends he is "deserving
21 of counsel to make sure [his] safety is being looked after in this court in the prison during this case
22 from small or big issues being face due to this case that has been happen daily." (Id. at 2.) Plaintiff
23 has failed to demonstrate that the magistrate judge's denial of the motion to appoint counsel was
24 "clearly erroneous or contrary to law." District courts lack authority to require counsel to represent
25 indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 301–03 (1989).
26 In exceptional circumstances, the court may request an attorney to voluntarily represent such a
27 plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.
28 Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). When determining whether "exceptional

circumstances" exist, the court must consider the plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel where plaintiff "was well-organized, made clear points, and presented the evidence effectively"); see also Wood, 900 F.2d at 1335–36 (denying appointment of counsel where plaintiff complained he had limited access to law library and lacked legal education); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (upholding district court's denial of appointment of counsel to indigent litigant who had no background in practice of law, yet who had thoroughly presented issues in pleading). The burden of demonstrating exceptional circumstances is on the plaintiff. Palmer, 560 F.3d at 970. And, as the magistrate judge previously explained to Plaintiff in this case, circumstances common to most prisoners — such as lack of legal education and limited law library access — do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. (ECF No. 125 at 2); see also Wood, 900 F.2d at 1335–36; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.").

Here, the Court finds the magistrate judge's order considered the relevant factors with respect to Plaintiff's demonstrated ability to articulate his claims *pro se*. As stated by the magistrate judge, the record demonstrates Plaintiff is capable of representing himself. Plaintiff has filed both an opposition to the pending exhaustion-related motion for summary judgment and his own motion for summary judgment. (ECF Nos. 106, 118.) Given the pending exhaustion-related motion for summary judgment, the Court cannot yet ascertain the likelihood of Plaintiff's success on the merits. Plaintiff has demonstrated in his previous filings the Court that he is capable of litigating this action, presenting arguments orally in writing, and understanding of the issues in his case. Exceptional circumstances requiring the appointment of counsel are not evident. Accordingly, the magistrate judge's decision not to appoint counsel is not "clearly erroneous or contrary to law." Plaintiff's motion for reconsideration is therefore DENIED.

1  IT IS SO ORDERED.

2  Dated: __August 25, 2021__                    _/s/ signature_

3                                                                     SENIOR DISTRICT JUDGE