1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11 JOSHUA JASON DALKE,                      ) Case No.: 1:20-cv-00534-AWI-SAB (PC)
                                           )
12            Plaintiff,                    )
                                           ) ORDER DENYING PLAINTIFF'S SECOND
13     v.                                   ) MOTION TO TAKE DEPOSITION OF
                                           ) DEFENDANTS
14 KING CLARK, *et al.*,                    )
                                           ) (ECF No. 127)
15            Defendants.                   )
                                           )
16 _____)

17        Plaintiff Joshua Jason Dalke is proceeding *pro se* and *in forma pauperis* in this civil rights

18 action pursuant to 42 U.S.C. § 1983.

19        Currently before the Court is Plaintiff's second motion to take the deposition of Defendants,

20 filed September 13, 2021.  Plaintiff seeks to take the depositions of Defendants and "maybe a couple

21 other relevant" witnesses by written questions pursuant to the procedures set forth under Federal Rule

22 of Civil Procedure 31.

23        As Plaintiff was previously advised, the deposition upon written questions basically works as

24 follows: The prisoner sends out a notice of deposition that identifies (a) the deponent (i.e., the

25 witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the

26 witness, and (d) the date and time for the deposition to occur. The defendant would have time to send

27 to the prisoner written cross-examination questions for the witness, the prisoner would then have time

28 to send to defendant written re-direct questions for the witness, and the defendant would have time to

send to the prisoner written re-cross-examination questions for the witness[.]  Harrell v. Jail, 2015 WL 8539037, *1–2 (E.D. Cal. Dec. 11, 2015) (quoting Brady v. Fishback, 2008 WL 1925242, at *1–2 (E.D. Cal. Apr. 30, 2008)).  Plaintiff's *in forma pauperis* status also does not entitle him to a waiver of any of the costs associated with this form of deposition; instead, he must pay the necessary deposition officer fee, court reporter fee, and costs for a transcript. Id. (citations omitted).

Courts have found a failure to make these showings defeats a motion to take depositions. See Harrell, 2015 WL 8539037, at *2; Jackson v. Woodford, 2007 WL 2580566, at *1 (S.D. Cal. Aug. 17, 2007).  Plaintiff has failed to identify the officer taking the depositions and the date and time for the depositions.  In addition, Plaintiff failed to show that he can pay the costs associated with written depositions, including fees for a deposition officer and court reporter, the costs of transcribing the deposition, and witness fees and mileage under Rule 45(b)(1).  As stated above, Plaintiff's indigent status does not entitle him to a waiver of fees.  Furthermore, leave of Court is not required to depose any person except for those incarcerated or previously deposed. Fed. R. Civ. P. 31(a)(2)(A)(ii), (B). Accordingly, for the reasons discussed above, Plaintiff failed to make the required showing to conduct depositions by written questions and his motion is denied.

IT IS SO ORDERED.

Dated:   **September 15, 2021**  

UNITED STATES MAGISTRATE JUDGE