UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE,<br><br>    Plaintiff,<br><br>    v.<br><br>KING CLARK, *et al.*,<br><br>    Defendants. | Case No.: 1:20-cv-00534-AWI-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' REQUEST TO MODIFY THE SCHEDULING ORDER AND VACATE DEADLINES<br><br>(ECF No. 131) |

  Plaintiff Joshua Jason Dalke is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

  Currently before the Court is Defendants' request to modify the scheduling order and vacate the deadlines, filed October 14, 2021. Defendants request that the scheduling order be vacated pending the Court's ruling on Defendants' exhaustion-based motion for summary judgment.

  A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In considering whether to modify the scheduling order under Rule 16, "the focus of the inquiry is upon the moving party's reasons for seeking modification," but the court should also consider whether the moving party was diligent and whether the opposing party would suffer prejudice. Lyles v. Dollar Rent a Car, Inc., 2021 WL 944208, at *1 (9th Cir. Mar. 12, 2021) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). The court ultimately

1

enjoys "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997).

Defendants argue there is good cause for vacate the scheduling order because they have been diligent in this case and filed an exhaustion motion for summary judgment which if granted in part or in whole would narrow the scope of any deposition or a merits-based motion for summary judgment. (Trenbeath Deel. ¶¶ 3-4.) This would potentially preserve the resources of the parties and the Court. (Id. at ¶ 6.)

Based on a showing of good cause, the Court will vacate the discovery and dispositive motion deadlines.  By staying the case now, the Court will prevent duplication of efforts on the part of the Defendants, Plaintiff, and the Court. There is no reason to believe that a stay will prejudice Plaintiff. Defendants exhaustion motion was timely filed, and no additional discovery is presently needed to address it.  Accordingly, Defendants' motion to vacate the discovery and dispositive motion deadlines is granted to be reset if necessary after resolution of Defendants' pending motion for summary judgment.

IT IS SO ORDERED.

Dated:   **October 15, 2021**

UNITED STATES MAGISTRATE JUDGE

2