UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE,<br><br>Plaintiff,<br><br>v.<br><br>KING CLARK, *et al.*,<br><br>Defendants. | Case No.: 1:20-cv-00534-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S OCTOBER 15, 2021 ORDER<br><br>(ECF No. 133) |

Plaintiff Joshua Jason Dalke is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 26, 2021, Plaintiff filed a motion for reconsideration of the Court's October 15, 2021 order vacating the merits-based discovery and dispositive motion deadlines pending resolution of the exhaustion motion for summary judgment. (ECF No. 133.)

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). Further, " '[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation…'" of that which was already considered

by the court in rendering its decision.  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856 (D N.J. 1992)).  Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion[.]"

Here, Plaintiff requests that the Court reopen discovery to allow for him to take depositions as the merits of his claim.  However, the pending exhaustion motion if granted in part or in whole would narrow the scope of any deposition or a merits-based motion for summary judgment.  (ECF No. 131.)  Therefore, vacating the discovery and dispositive motion deadlines preserved the resources of the parties and the Court.  (Id.)  Plaintiff provides nothing more than his disagreement with the Court's October 15, 2021 order and desire to proceed with depositions as to the merits of his claims.  As stated in the Court's October 15, 2021 order, "no additional discovery is presently needed" to address Defendants' exhaustion motion.  Plaintiff makes no showing that his desire to proceed with discovery has any bearing on the exhaustion issue.  Accordingly, Plaintiff's motion for reconsideration of the Court's October 15, 2021 is DENIED.

IT IS SO ORDERED.

Dated:   **October 27, 2021**

UNITED STATES MAGISTRATE JUDGE