UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KING CLARK, *et al.*,<br><br>　　　　Defendants. | Case No.: 1:20-cv-00534-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 96) |

　　　　Plaintiff Joshua Jason Dalke is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Defendants' motion for summary judgment, filed May 10, 2021.

**II.**

**LEGAL STANDARD**

**A.　　Statutory Exhaustion Requirement**

　　　　Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory unless unavailable. Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and

the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Section 1997e(a) also requires "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" Woodford v. Ngo, 548 U.S. 81, 90 (2006) (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effective without imposing some orderly structure on the course of its proceedings." Id. at 90-91. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

The failure to exhaust is an affirmative defense, and the defendant or defendants bear the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendant or defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. Id.

B. **Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at c1166; Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or

2

that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010). "The evidence must be viewed in the light most favorable to the nonmoving party." Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2014).

Initially, "the defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. If the defendant meets that burden, the burden of production then shifts to the plaintiff to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. However, the ultimate burden of proof on the issue of administrative exhaustion remains with the defendant. Id. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

## III.

## DISCUSSION

### A. Summary of CDCR's Administrative Appeal Process[1]

A prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") satisfies the administrative exhaustion requirement for a non-medical appeal or grievance by following the procedures set forth in California Code of Regulations, title 15, §§ 3084-3084.9.

California Code of Regulations, title 15, § 3084.1(a) provides that "[a]ny inmate … under [CDCR's] jurisdiction may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate … can demonstrate as having a material adverse effect upon his

---

[1] On March 25, 2020, the grievance procedure outlined in § 3084.1, *et seq.*, was repealed effective June 1, 2020, as an emergency by the CDCR pursuant to Penal Code § 5058.3. See CCR, tit. 15, § 3084.1, ¶ 13 (June 26, 2020). However, there is no dispute that the events alleged in the complaint took place before the repeal took effect.

3

or her health, safety, or welfare." An inmate is required to use a CDCR Form 602 to "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a). An inmate is limited to one issue, or related set of issues, per each CDCR Form 602 and the inmate "shall state all facts known and available to [them] regarding the issue being appealed at the time of submitting" the CDCR Form 602. Cal. Code Regs. tit. 15, § 3084.2(a)(1) & (a)(4). Further, the inmate "shall list all staff member(s) involved and … describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(a)(3). If known, the inmate must include the staff member's last name, first initial, title or position, and the dates of the staff member's involvement in the issue being appealed. Id. If the inmate does not know the staff member's identifying information, the inmate is required to "provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." Id.

Unless the inmate grievance falls within one of the exceptions stated in California Code of Regulations, title 15, §§ 3084.7(b)(1)-(2) and 3084.9, all inmate grievances are subject to a three-step administrative review process: (1) the first level of review; (2) the second level appeal to the Warden of the prison or their designee; and (3) the third level appeal to the Secretary of CDCR, which is conducted by the Secretary's designated representative under the supervision of the third level Appeals Chief. Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(a)-(d). Unless the inmate grievance deals with allegations of sexual violence or staff sexual misconduct, an inmate must submit the CDCR Form 602 and all supporting documentation to each the three levels of review within 30 calendar days of the occurrence of the event or decision being appealed, of the inmate first discovering the action or decision being appealed, or of the inmate receiving an unsatisfactory departmental response to a submitted administrative appeal. Cal. Code Regs. tit. 15, §§ 3084.2(b)-(e), 3084.3, 3084.6(a)(2), 3084.8(b). When an inmate submits an administrative appeal at any of the three levels of review, the reviewer is required to reject the appeal, cancel the appeal, or issue a decision on the merits of the appeal within the applicable time limits. Cal. Code Regs. tit. 15, §§ 3084.6(a)-(c), 3084.8(c)-(e). If an inmate's administrative appeal is rejected, the inmate is to be provided clear instructions about how to cure the appeal's defects. Cal. Code Regs. tit. 15, §§ 3084.5(b)(3), 3084.6(a)(1). If an inmate's

administrative appeal is cancelled, the inmate can separately appeal the cancellation decision.  Cal. Code Regs. tit. 15, § 3084.6(a)(3) & (e).

### B. Summary of Relevant Factual Allegations of Plaintiff's Complaint

Plaintiff was assaulted by inmate Conchas because officer Cordona's told inmate Martinez, Conchas snitched on Martinez's illegal phone, and Cordona told Conchas Plaintiff was a sex offender. Officer Cordona asked Plaintiff to tell on drug dealers and illegal phones, but Plaintiff would not do so.  Inmates Conchas and Cruz told officer Cordona about illegal phones.  The assault occurred because Plaintiff was shown a kite and told by the head snitch to not expose their business.  Plaintiff contends "[t]he fact of retaliation in claim one of the hit the COs Alcantar, Vera, Fugate, R[a]mos threw the unit by telling gang members I'm a child rapist sex offender that is clearly not true and illegal to expose."

### C. Statement of Undisputed Facts[2]

1. Plaintiff initiated this lawsuit on April 14, 2020.  (Compl., ECF No. 1.)
2. On May 13, 2020, Plaintiff filed a first amended complaint.  (ECF No. 10.)
3. On June 29, 2020, Plaintiff filed a second amended complaint.  (ECF No. 15.)
4. At all times relevant to the second amended complaint, Plaintiff was an inmate incarcerated with the California Department of Corrections and Rehabilitation (CDCR) at California State Prison-Corcoran (CSP-COR).  (ECF No. 15 at 1-3.)
5. In his second amended complaint, Plaintiff alleges that sometime in January of 2020, Plaintiff was assaulted by inmate Conchas because Defendant P. Cardona had told inmate Conchas that Plaintiff was a sex offender.  (ECF No. 15 at 4.)
6. Plaintiff also alleges that Defendants Alcantar, Vera, Fugate, and Ramos told gang members in the Administrative Segregation Unit (ASU) at the prison that Plaintiff is a "child rapist sex offender."  (ECF No. 15 at 6.)
7. At all relevant times, Defendants Ramos, Vera, and Fugate were employed at CSP-COR.  (ECF No. 15 at 2.)

---

[2] Hereinafter referred to as "UF."

5

1   8. Plaintiff admits in his second amended complaint that administrative remedies were
2   available. (ECF No. 15 at 2.)
3   9. At all relevant times, there was an administrative appeal process available at CSP-COR.
4   (Declaration of J. Mendez ("Mendez Decl.") ¶¶ 2-3, ECF No. 96-4; ECF No. 15 at 2.)
5   10. Prior to June 2020, the appeal process had three levels of review: CSP-COR, as well as
6   other institutions, handled the first two levels of review. CDCR's Office of Appeals (OOA), in
7   Sacramento, handles the third, or final, level of review. (Mendez Decl. ¶ 2.)
8   11. Inmate appeals that are received by CSP-COR's Appeals Office are assigned a log
9   number and are recorded in a computerized database called the Inmate/Parolee Appeals Tracking
10  System (IATS). All appeals received by CSP-COR's Appeals Office - even appeals that are rejected,
11  cancelled, or withdrawn - are assigned a log number and recorded in IATS. (Mendez Decl. ¶ 4.)
12  12. Since August 1, 2008, the Inmate Correspondence and Appeals Branchy (ICAB)
13  receives, reviews, and maintains all final-level appeals related to health care issues (medical, dental,
14  and mental-health), while the OOA receives, reviews, and maintains all final-level appeals for non-
15  health care issues. The OOA review of an appeal concludes the administrative remedy process for an
16  offender. (Declaration of H. Moseley ("Moseley Decl.") ¶ 2, ECF No. 96-1.)
17  13. Failure to pursue an appeal through the third and final level constitutes a failure to
18  exhaust. Cal. Code Regs. tit. 15, §§ 3084.1(a), 3084.7(d)(3).
19  14. An inmate may withdraw an appeal at any point up to receiving a signed response, but
20  shall identify the reason for the withdrawal in Section H of the CDCR Form 602 as well as sign and
21  date the form. Ca. Code Regs. tit. 15, § 3084.6(f).
22  15. If there was any agreed-upon relief promised to the inmate in exchange for the inmate's
23  withdrawal of his appeal, the inmate must indicate this condition in Section H of the 604 form. Cal.
24  Code Regs. tit. 15, § 3084.6(f).
25  16. The withdrawal of an appeal does not preclude further administrative action by the
26  department regarding the issue under appeal, and a withdrawn staff complaint shall be returned to the
27  hiring authority to review for possible further administrative action. Cal. Code Regs. tit. 15, 3084.6(f).
28  17. Plaintiff submitted on appeal citing safety concerns and mentioned officers Vera and

Ramos in this appeal, which is logged as Appeal No. CSPC-7-20-01003.  (Mendez Decl. ¶ 7, Ex. A at 003, Ex. B at 003-007.)

18.     On February 27, 2020, Plaintiff submitted Appeal No. CSPC-7-20-01003 alleging that he did not feel safe to eat and leave his cell with custody "due to recent events" and requested that officers Vera and Ramos, and all staff on duty on February 27, 2020, be investigated.  (Mendez Decl. ¶ 8, Ex. B at 003.)

19.     CSP-COR's Appeals Office received Appeal No. CSPC-7-20-01003 on or about March 2, 2020.  (Mendez Decl. ¶ 8, Ex. B at 003.)

20.     On March 2, 2020, Appeal No. CSPC-7-20-01003 was referred to the hiring authority for consideration of processing as a staff complaint.  (Mendez Decl. ¶ 8, Ex. B at 004.)

21.     On March 2, 2020, the hiring authority found that Appeal No. CSPC-7-20-01002 did not meet the requirement for assignment as a staff complaint, and was instead categorized as a living conditions issue.  (Mendez Decl. ¶ 8, Ex. A at 001, Ex. B at 004.)

22.     An interview with Plaintiff about Appeal No CSPC-7-20-01003 was scheduled on March 9, 2020 at the first level review.  (Mendez Decl. ¶ 8, Ex. B at 003.)

23.     Plaintiff withdrew Appeal No. CSPC-7-20-01003 on March 9, 2020.  (Mendez Decl. ¶ 8, Ex. B at 003-004.)

24.     In Section H of Appeal No. CSPC-7-20-01003, Plaintiff indicated that he reconsidered his accusation and came to the conclusion that his safety and other food problems were resolved, and that he can leave his cell without fear.  (Mendez Decl. ¶ 8, Ex. B at 004.)

25.     Plaintiff signed and dated Section H of Appeal No. CSPC-7-20-01003.  (Mendez Decl. ¶ 8, Ex. B at 004.)

26.     There is no indication that Plaintiff withdrew Appeal No. CSPC-7-20-01003 in exchange for any agreed-upon relief.  (Mendez Decl. ¶ 8, Ex. B at 004.)

27.     Plaintiff submitted Appeal No. CSPC-7-20-02459 on April 16, 2020.  (Mendez Decl. ¶ 9, Ex. C at 008.)

28.     On May 4, 2020, CSP-COR's Appeals Office rejected Appeal No. CSPC-7-20-02459

pursuant to California Code of Regulations, Title 15, section 3084.6(b)(9), because Plaintiff's appeal issue was "obscured by pointless verbiage or voluminous unrelated documentation such that the reviewer [could not] be reasonably expected to identify the issue under appeal." (Mendez Decl. ¶ 9, Ex. C at 008, 012.)

29. On May 12, 2020, Plaintiff resubmitted Appeal No. CSPC-7-20-02459 alleging that officer Ramos refused Plaintiff law-library access, did not e-file Plaintiff's lawsuits, and told other inmates that Plaintiff is a sex offender. (Mendez Decl. ¶ 9, Ex. C at 008, 010, 013.)

30. CSP-COR's Appeals Office accepted Appeal No. CSPC-7-20-02459 on May 21, 2020 at the first level of review. (Mendez Decl. ¶ 9, Ex. C at 008.)

31. An interview with Plaintiff about Appeal No. CSPC-7-20-02459 occurred on June 3, 2020. (Mendez Decl. ¶ 9, Ex. C at 008, 014.)

32. On June 11, 2020, officer P. Ramos was interviewed regarding Plaintiff's allegations against him in Appeal No. CSPC-7-20-02459. (Mendez Decl. ¶ 9, Ex. C at 014.)

33. On June 17, 2020, Appeal No. CSPC-7-20-02459 was denied at the first level of review. (Mendez Decl. ¶ 9, Ex. C at 013-014.)

34. CSP-COR's Appeals Office has no record of Plaintiff appealing the first level decision of Appeal No. CSPC-7-20-02459 to the second level of review. (Mendez Decl. ¶ 10, Ex. A at 001-002.)

35. A search of IATS for appeals submitted by Plaintiff and received by CSP-COR's Appeals Office between 1, 2020 and June 29, 2020 yielded no results for any appeals involving officer Fugate. (Mendez Decl. ¶ 7, Ex. A at 001-002.)

36. As of March 9, 2021, the OOA received a total of four appeals from Plaintiff, but none of those appeals include allegations against Defendants P. Ramos, N. Vera and J. Fugate. (Moseley Decl. ¶¶ 7-8, Ex. A.)

### D. Analysis of Defendants' Motion

Defendants Ramos, Vera, and Fugate argue they are entitled to summary judgment because it is undisputed that: (1) Plaintiff withdrew his grievance against Defendants Vera and Ramos before a first level review; (2) Plaintiff did not appeal another grievance he made against Defendant Ramos to

8

the second and third levels of review; and (3) Plaintiff did not file a grievance against Defendant Fugate.

Here, it is undisputed that On February 27, 2020, Plaintiff submitted Appeal No. CSPC-7-20-01003 alleging that he did not feel safe to eat and leave his cell with custody "due to recent events" and requested that officers Vera and Ramos, and all staff on duty on February 27, 2020, be investigated. (UF 18.) CSP-COR's Appeals Office received Appeal No. CSPC-7-20-01003 on or about March 2, 2020. (UF 19.)

On March 2, 2020, Appeal No. CSPC-7-20-01003 was referred to the hiring authority for consideration of processing as a staff complaint. (UF 20.) On March 2, 2020, the hiring authority found that Appeal No. CSPC-7-20-01002 did not meet the requirement for assignment as a staff complaint, and was instead categorized as a living conditions issue. (UF 21.) An interview with Plaintiff about Appeal No CSPC-7-20-01003 was scheduled on March 9, 2020 at the first level review. (UF 22.) Plaintiff withdrew Appeal No. CSPC-7-20-01003 on March 9, 2020. (UF 23.) In Section H of Appeal No. CSPC-7-20-01003, Plaintiff indicated that he reconsidered his accusation and came to the conclusion that his safety and other food problems were resolved, and that he can leave his cell without fear. (UF 24.) Plaintiff signed and dated Section H of Appeal No. CSPC-7-20-01003. (UF 25.) There is no indication that Plaintiff withdrew Appeal No. CSPC-7-20-01003 in exchange for any agreed-upon relief. (UF 26.)

Plaintiff submitted Appeal No. CSPC-7-20-02459 on April 16, 2020. (UF 27.) On May 4, 2020, CSP-COR's Appeals Office rejected Appeal No. CSPC-7-20-02459 pursuant to California Code of Regulations, Title 15, section 3084.6(b)(9), because Plaintiff's appeal issue was "obscured by pointless verbiage or voluminous unrelated documentation such that the reviewer [could not] be reasonably expected to identify the issue under appeal." (UF 28.) On May 12, 2020, Plaintiff resubmitted Appeal No. CSPC-7-20-02459 alleging that officer Ramos refused Plaintiff law-library access, did not e-file Plaintiff's lawsuits, and told other inmates that Plaintiff is a sex offender. (UF 29.) CSP-COR's Appeals Office accepted Appeal No. CSPC-7-20-02459 on May 21, 2020 at the first level of review. (UF 30.) An interview with Plaintiff about Appeal No. CSPC-7-20-02459 occurred on June 3, 2020. (UF 31.) On June 11, 2020, officer P. Ramos was interviewed regarding

Plaintiff's allegations against him in Appeal No. CSPC-7-20-02459. (UF 32.) On June 17, 2020, Appeal No. CSPC-7-20-02459 was denied at the first level of review. (UF 33.) CSP-COR's Appeals Office has no record of Plaintiff appealing the first level decision of Appeal No. CSPC-7-20-02459 to the second level of review. (UF 34.)

A search of IATS for appeals submitted by Plaintiff and received by CSP-COR's Appeals Office between 1, 2020 and June 29, 2020 yielded no results for any appeals involving officer Fugate. (UF 35.) As of March 9, 2021, the OOA received a total of four appeals from Plaintiff, but none of those appeals include allegations against Defendants P. Ramos, N. Vera and J. Fugate. (UF 36.)

Plaintiff argues that prison officials fail to process inmate appeals and Appeal No. 4778 exhausted the administrative remedies with respect to his claims. In Appeal No. 4778, Plaintiff alleged that an "R" suffix was incorrectly placed in his central file and he requested removal of the classification status. (ECF No. 106 at 9-10.) However, this action is not proceeding on a claim that the "R" suffix was incorrectly placed in his central file. Rather, as stated in the Court's August 24, 2020 screening order, Plaintiff stated a cognizable claim for deliberate indifference to Plaintiff's safety because Defendants allegedly informed gang members that Plaintiff is a sex offender. (ECF No. 24 at 3-4; ECF No. 15.) Plaintiff points to the sentence in Appeal No. 4778 which states "And this illegal 'R' is impacting my safety specifically … COs in ASU told the gangs that I[']m a sex offender." Even assuming this sentence can be interpreted as providing fair notice of his deliberate indifference claim in this action, Appeal No. 4778 was denied as untimely. (ECF No. 106 at 8.) Plaintiff was advised that he could appeal this rejection decision to the CDCR's Office of Appeals if he was dissatisfied with the response. (Id.) However, there is no evidence to demonstrate that Plaintiff appealed the rejection decision or received a final decision from CDCR's Office of Appeals on the "R" suffix issue. Accordingly, Defendants' motion for summary judgment should be granted, and the instant action should be dismissed, without prejudice, for failure to exhaust the administrative remedies.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment be granted;

2. The instant action be dismissed, without prejudice, for failure to state a cognizable claim for relief; and

3. Plaintiff's merits-based motion for summary judgment (ECF No. 118) be denied as rendered moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 6, 2021**

UNITED STATES MAGISTRATE JUDGE