UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KING CLARK, *et al.*,<br><br>　　　　Defendants. | Case No.: 1:20-cv-00534-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR TEMPORARY INJUNCTION BE DENIED<br><br>(ECF Nos. 140, 141, 148) |

Plaintiff Joshua Jason Dalke is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 6, 2021, the undersigned issued Findings and Recommendations recommending that Defendants' exhaustion-related motion for summary judgment be granted and the action be dismissed, without prejudice.  (ECF No. 135.)

On December 27, 2021, Plaintiff filed two separate motions for temporary injunction.  (ECF Nos. 140, 141.)

On February 14, 2022, Plaintiff filed another motion for a temporary injunction.  Defendants filed an opposition on February 22, 2022.  (ECF No. 149.)

///

///

///

1

# I.

# DISCUSSION

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

As a threshold matter, Plaintiff must demonstrate he has standing to seek preliminary injunctive relief. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal

jurisdiction bears the burden of establishing its existence." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 103-04 (1998); <u>accord</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992). This requires Plaintiff to "show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." <u>Summers</u>, 555 U.S. at 493; <u>Mayfield</u>, 599 F.3d at 969. The pendency of this action, which arises out of the alleged deliberate indifference to his personal safety, does not provide Plaintiff with standing to seek relief related to the processing of his inmate appeals. <u>Summers</u>, 555 U.S. at 493; <u>Lujan</u>, 504 U.S. at 560-61; <u>Mayfield</u>, 599 F.3d at 969.

In his December 27, 2021 motions, Plaintiff that officer Gil is subjecting him to assaults by other inmates and retaliation due to this pending action. Plaintiff contends that officer Gil stated loudly for inmates to hear, "Listen the guys got us officers dead bang in a lawsuit[] and we need him handled." (ECF No. 140 at 2.)

In his February 14, 2022 motion, Plaintiff seeks to enjoin unnamed correctional officers from retaliating and harassing Plaintiff. (ECF No. 148.) Plaintiff also requests the Court enjoin a transfer to the Department of State Hospitals (DSH). Plaintiff specifically contends that since 2020, "Defendants' coworkers" have been retaliating against him. (<u>Id.</u> at 1.) Plaintiff also contends that while housed at the Psychiatric Inpatient Program (PIP) at Salina Valley State Prison, two inmates attacked him. (<u>Id.</u>) He also submits that while at California State Prison, Sacramento, unnamed prison officials housed Plaintiff with another inmate who was allegedly asked "to poke [Plaintiff's] eyes out." (<u>Id.</u>) Plaintiff further alleges that "the doctors" are sending him back to DSH "stating false lies." (<u>Id.</u> at 2.)

First, Plaintiff has failed to demonstrate that he is likely to succeed on the merits of this action. Indeed, Findings and Recommendations are pending which recommend that the action be dismissed, without prejudice, for failure to exhaust the administrative remedies. (ECF No. 135.) Second, Plaintiff has not established that he will suffer irreparable harm without a temporary injunction. Plaintiff's allegations of harassment and retaliation by Defendants' co-workers is insufficient to support injunctive relief and is nothing more than "speculative injury." In addition, the Court lacks

3

jurisdiction to issue Plaintiff's requested temporary injunction because it does not have jurisdiction over the unnamed "co-workers" or prison officials, non-parties to the instant lawsuit. This Court only has jurisdiction over Defendants Cardona, Ramos, Alcantar, Vera, and Fugate. Zepeda v. United States Immigration and Naturalization Service, 753 F.2d 719, 727 (9th Cir. 1985). Furthermore, granting Plaintiff injunctive relief is not in the public interest. A preliminary injunction would unnecessarily interfere with prison administration and would indirectly subvert the exhaustion requirement mandated by federal law. See 42 U.S.C. § 1997e(a). Lastly, the Court lacks jurisdiction to issue an order directing prison official to stop a transfer of Plaintiff to different location based on alleged retaliation because it does not involve the same case or controversy before the Court which involves claims of deliberate indifferent against Defendants Cardona, Ramos, Alcantar, Vera, and Fugate. Benyamini v. Manjuano, No 1:06-cv-01096-AWI-GSA (PC), 2011 WL 4963108, at *1 (E.D. Cal. Oct. 18, 2011) ("This Court lacks jurisdiction to issue an order requiring prison officials to transfer [plaintiff] based on retaliatory acts occurring after this action was filed, because the Court does not have such a case or controversy before it in this action."). Accordingly, Plaintiff's motions for temporary injunction should be denied.

## II.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motions for a temporary injunction (ECF Nos. 140, 141, 148) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

///
///
///
///
///

Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 23, 2022**

UNITED STATES MAGISTRATE JUDGE